UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-CR-00025-TBR-3

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

PATRICK K. OWENS                                          DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter arises before the Court upon *pro se* Defendant Patrick K. Owens's Motion for Compassionate Release. [DN 128]. The United States responded. [DN 131]. Defendant did not timely reply. As such, this matter is ripe for adjudication. For the reasons stated below, Owens's Motion for Compassionate Release is **DENIED**.

I.      **Background**

In April of 2019, Owens was indicted for (1) distribution of methamphetamine, (2) possession with the intent to distribute methamphetamine, and (3) being a felon in possession of a firearm. [DN 1]. On June 16, 2020, pursuant to a Rule 11 plea agreement, Owens pleaded guilty to the above counts and on September 24, 2020, Defendant was sentenced to a total term of 120 months. [DN 93]. Owens now asks the Court for compassionate release based on concerns involving his children living with their grandparents. [DN 128].

II.     **Legal Standard**

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) In any case—

> (A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
>
> > (i)   *extraordinary and compelling reasons warrant such a reduction* ...”

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). “The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences.” *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). “Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier.” *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a “three-step inquiry” in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, “the court must ‘find’ that ‘extraordinary and compelling reasons warrant a sentence reduction.’” *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must “ensure ‘that such a reduction is consistent with applicable policy statements issued

by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when

any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

## III.    Discussion

The Motion for Compassionate Release must be denied because Defendant failed to exhaust the BOP's administrative process or wait thirty days after the denial of his request. *See Jones*, 980 F.3d at 1105. Owens provides no explanation or other support for failing to meet this requirement. Owens submitted a request for compassionate release to the warden of his facility. [DN 128]. On April 22, 2021, the warden denied the request and informed Owens that he had twenty days to appeal the decision. [DN 128-1]. Owens, four days later, filed a motion for compassionate release before this Court. [DN 128]. Owens failed to exhaust the administrative remedies of the BOP because he did not appeal the warden's denial of his request. Additionally, Owens did not wait thirty days after the denial before filing this motion with the Court.

"[D]istrict courts lack jurisdiction to consider a motion for compassionate release filed by the defendant himself unless he has fully exhausted his administrative remedies." *United States v. Gentner*, NO: 5:16-CR-11-TBR, 2019 WL 5581337, at *1 (W.D. Ky. Oct. 29, 2019). "The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. Hughes*, No. 2:13-cr-20142-SHM-13, 2021 WL 254315, at *2 (W.D. Tenn. Jan. 25, 2021) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020)). Owens has not carried his burden. Because Defendant did not wait thirty days, or use the BOP's administrative process, "the Court cannot find that he has exhausted his administrative rights and, therefore, the Court does not have jurisdiction to consider the motion." *United States v. Frye*, No. CR 5:15-7-KKC, 2020 WL 2513826, at *2 (E.D. Ky. May 15, 2020) (citing *Gentner*, 2019 WL 5581337, at *1). As such, the Court concludes that Owens has not exhausted his administrative remedies and his motion for compassionate release must be denied.

4

Because Owens has failed to exhaust his administrative remedies, the Court will not address the other requirements for compassionate release, at this time. See *Elias*, 984 F.3d at 519.

### IV.     Conclusion

For the above reasons, **IT IS HEREBY ORDERED** that Owens's Motion for Compassionate Release [DN 128] is **DENIED**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 15, 2021

cc: counsel

**Patrick K. Owens,** *pro se*
19730-033
MCDOWELL
Federal Correctional Institution
P.O. Box 1009
Welch, WV 24801